IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,179-02






EX PARTE ALLEN BRIDGERS








ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS


AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 114-81252-97-B


IN THE 114
TH JUDICIAL DISTRICT COURT


SMITH COUNTY





 Per Curiam. Keller, P.J., and Meyers, J., dissent; Price and Johnson, JJ.,
not participating.. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for
stay of execution.

 In April 1998, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Bridgers v. State,
No. 73,112 (Tex. Crim. App. Oct. 25, 2000) (not designated for publication). Applicant
filed his initial post-conviction application for writ of habeas corpus in the convicting
court on December 29, 1999. This Court denied applicant relief. Ex parte Bridgers, No.
WR-45,179-01 (Tex Crim. App. May 31, 2000)(not designated for publication). 
Applicant's subsequent application was received in this Court on July 18, 2006.

 Applicant presents two allegations in his application. In his first claim, applicant
asserts that his execution would violate the United States Supreme Court's opinion in
Atkins v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the
execution of the mentally retarded. In his second claim, applicant asserts that his
execution would violate his due process rights unless he is afforded a full and fair hearing
on his claim of mental retardation with access to the tools necessary to establish his claim.

 We have reviewed the application and find that the allegations satisfy the
requirements of Article 11.071 § 5. Accordingly, we grant applicant's motion to stay his
execution and remand the application to the trial court for a live hearing on applicant's
claims. 

 IT IS SO ORDERED THIS THE 21ST DAY OF JULY, 2006.


Do Not Publish